# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

HOMER E. LARROW, JR.                                                              PETITIONER

v.                             NO. 5:12CV00289 KGB/HDY

RAY HOBBS, Director of the                                                        RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

  The following findings and recommendation have been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

In 1999, petitioner Homer E. Larrow, Jr., ("Larrow") was convicted in Mississippi County, Arkansas, Circuit Court of one count of first degree murder and sentenced to twenty years in the custody of respondent Ray Hobbs ("Hobbs"), the Director of the Arkansas Department of Correction ("ADC"). Upon entering Hobbs' custody, Larrow was notified by ADC officials that his parole eligibility date was May 2, 2013.

Miriam Lester ("Lester"), a records supervisor at the ADC, represented in an affidavit that Larrow's parole eligibility date was calculated in the following manner: "[a]t the time of ... Larrow's offense, first degree murder was a seventy percent crime, meaning that an inmate convicted of first degree murder could not be paroled until [seventy percent] of his ... sentence had been served." See Document 13, Exhibit D at 2. She additionally represented that "[t]he judgment and commitment order also showed that [Larrow's] sentence was subject to the deadly weapon enhancement [statute]." See Id. Lester's understanding of that statute was as follows: "[it] provided that inmates who had been convicted under [the statute] 'shall be sentenced to serve a minimum of ten ... years in the state prison without parole but subject to reduction by meritorious good-time credit.'" See Id. at 3. Given the foregoing, she represented that upon Larrow's admission to Hobbs' custody, "the [ADC] calculated a parole eligibility date of [seventy percent] of [twenty] years, less credit for jail time," see Id. at 2, which amounted to fourteen years.

In 2002, ADC officials notified Larrow that his parole eligibility date was being changed as a result of the department's revised interpretation of the deadly weapon enhancement statute.[1] He was notified that his new parole eligibility date was May 3, 2019.[2]

In 2010, Larrow filed a petition for writ of habeas corpus in Pulaski County, Arkansas, Circuit Court. He maintained in the petition that the Mississippi County trial court lacked jurisdiction to "enter [a] judgment of conviction for felony with a deadly weapon under [the deadly weapon enhancement statute] since [Larrow] was never charged by indictment or information with having committed that offense and the offense was not submitted to the jury ..." See Document 13, Exhibit E at 5. The Pulaski County trial court did not reach the merits of his claim but instead found that the claim was not a "valid basis for habeas relief," see Document 13, Exhibit E at 34, and denied his petition. He did not appeal the denial of his petition.

---

[1]

Lester represented in her affidavit that the change to Larrow's parole eligibility date came about as a result of the following:

> In 2002, the [ADC] received legal advice from counsel that the proper interpretation of the deadly weapon enhancement [statute] was that the "without parole" language of the enhancement applied to the entire length of the sentence subject to the enhancement, not just for the first ten years.
>
> Accordingly, the [ADC] determined that ... Larrow's parole eligibility calculation should be changed to reflect that he was not eligible for parole at any point during his [twenty] year sentence. ...

See Document 13, Exhibit D at 3.

[2]

Although Lester did not provide the date Larrow's parole eligibility date was changed to, he represented in his submissions that the date was changed to May 3, 2019.

In 2011, ADC officials notified Larrow that his parole eligibility date was being changed a second time as a result of the Arkansas Supreme Court's decision in <u>Hobbs v. Baird</u>, 2011 Ark. 261, 2011 WL 2412740 (Ark. 2011).[3] He was notified that his new parole eligibility date was May 2, 2016. He began administrative action to have the date changed to its initial designation, but his efforts proved unsuccessful.

When Larrow's administrative efforts bore no fruit, he did not challenge the re-calculation of his parole eligibility date in the state courts of Arkansas. Instead, he commenced the case at bar.

---

[3]

Lester represented in her affidavit that this second change came about as a result of the following:

> In 2011, after litigation involving Chancery Baird, an inmate whose sentence[] had been enhanced under [the deadly-weapon enhancement statute] and who disagreed with the [ADC's] understanding of the statute, the Arkansas Supreme Court issued an opinion in which it settled the proper interpretation of the enhancement.
>
> The [ADC's] understanding of the [Supreme Court's] decision, arrived at upon advice of counsel, is that (1) any sentence under the enhancement must be at least ten years long, (2) that no parole or accumulation of good-time credit is possible during the initial ten-year period, and (3) that, for sentences longer than ten years subject to the enhancement, parole eligibility is determined in accordance with the parole eligibility statutes otherwise applicable to the sentence, as if the sentence started at ten year plus one day.
>
> The [ADC], accordingly, in 2011, adjusted … Larrow's parole eligibility date in accordance with its understanding of the Arkansas Supreme Court's decision.
>
> The adjustment was as follows. … Larrow was sentenced to twenty years. During the first ten years of that sentence, no parole was possible. After the first ten years of … Larrow's sentence, [he] may be parole eligible in accordance with the [seventy percent] rule which was originally applicable to his sentence.
>
> This means that … Larrow may become parole eligible after serving [seventy percent] of the remainder of his sentence-i.e., [seven] years.

<u>See</u> Document 13, Exhibit D at 3-4.

Larrow commenced this case by filing a pro se complaint pursuant to 42 U.S.C. 1983. He maintained in his complaint that the present calculation of his parole eligibility date is incorrect, at least in part because ADC officials appear to have calculated his sentence as being based upon his conviction of two counts of first degree murder. He maintained that the present calculation of the date violates his constitutional rights. He sought no monetary damages but asked that the date be changed back to May 2, 2013.

The Clerk of the Court did not file Larrow's complaint as one pursuant to 42 U.S.C. 1983. Instead, the Clerk of the Court filed the submission as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.

Larrow thereafter filed a pleading that the Clerk of the Court construed as a motion for order; in it, Larrow represented the following: "... I was intending to file a complaint under 42 U.S.C. 1983 of the Civil Rights Act, but according to the paperwork that I recently got, my complaint has been filed as a writ of habeas corpus pursuant to 28 U.S.C. 2254. I'm hoping that this will not be a problem that can't be corrected." See Document 8 at 1. The undersigned determined that the Clerk of the Court had properly filed Larrow's complaint as a petition for writ of habeas corpus and denied his motion for order.[4]

---

[4] In denying the motion, the undersigned looked to the substance of the relief sought to determine whether the case was one pursuant to 42 U.S.C. 1983 or the habeas corpus statutes. The undersigned also considered whether Larrow is challenging the length of his confinement. Although he may have intended this case to be one pursuant to 42 U.S.C. 1983, the undersigned found that the case involved a challenge to the length of his confinement and the Clerk's characterization of the case was proper. The undersigned made no determination, though, of two issues: first, which habeas corpus statute the case had been filed under; and second, whether Larrow had exhausted his state remedies before commencing the case.

Hobbs filed a response to the petition and maintained, <u>inter alia</u>, that Larrow's primary claim is unexhausted. Hobbs maintained that Larrow can file a declaratory judgment action challenging the present calculation of his parole eligibility date, specifically, the application of the deadly weapon enhancement statute to his sentence.

The undersigned invited Larrow to file a reply to Hobbs' response, and Larrow accepted the invitation by filing a lengthy reply. With specific regard to the exhaustion question, Larrow maintained the following:

> … exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that [Larrow] seeks to raise [in] his federal habeas petition. In such a case, resort to state judicial remedies would be futile. …
>
> The use or application of [the deadly weapon enhancement statute] has been decided by .. <u>Hobbs v. Baird</u> …, although the petitioner doesn't agree that [the deadly weapon enhancement statute] is, at all, applicable because of its repeal in offenses controlled by [the seventy percent statute]; the implementation of [the deadly weapon enhancement statute] has already taken place and is … supported by the <u>Baird</u> case. …

<u>See</u> Document 15 at 21-22.

The undersigned began reviewing the record in this case and discovered that Larrow had never been formally notified his case would be construed as one pursuant to 28 U.S.C. 2254.[5] In accordance with <u>Smith v. Hobbs</u>, 2012 WL 5358976 (8th Cir. 2012), the

---

[5] The appropriate habeas corpus statute is 28 U.S.C. 2254. It is "the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the … execution of his sentence," <u>see</u> <u>Singleton v. Norris</u>, 319 F.3d 1018, 1023 (8th Cir. 2003) [quoting 28 U.S.C. 2254(a)]. A challenge to a parole eligibility date is a challenge to the execution of a sentence.

undersigned notified Larrow that his case was being construed as one pursuant to 28 U.S.C. 2254 and gave him an opportunity to either withdraw the petition or make any necessary changes to it. He filed nothing in response.

The undersigned has now thoroughly reviewed the parties' pleadings and exhibits. On the basis of that review, the undersigned finds that Larrow has not exhausted his available state remedies and his petition should be dismissed without prejudice for that reason.

The federal habeas corpus statute contains an exhaustion requirement.[6] 28 U.S.C. 2254(b) provides that, with two exceptions, a petition for writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him.[7] 28 U.S.C. 2254(c) provides that a petitioner shall not be deemed to have exhausted the remedies available to him if "he has the right ... to raise, by any available procedure, the question presented." The foregoing requirements are not construed, though, so as to require the filing of futile requests for relief in state court. See Rodgers v. Wyrick, 621 F.2d 921 (8th Cir. 1980). A federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." See Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

---

[6] "The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) [quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)].

[7] The two exceptions are: 1) "when there is an absence of available State corrective process," or 2) when circumstance exist that "render such process ineffective to protect the rights of the applicant."

The State of Arkansas has a procedure whereby a prisoner may challenge the calculation of his parole eligibility date. The procedure is the very one used by the prisoner in Hobbs v. Baird, that being, a complaint for declaratory relief. In that case, Chancey Baird ("Baird") maintained that the ADC had erroneously interpreted the deadly weapon enhancement statute to mean "[his] entire thirty-year sentence for ... attempted first-degree murder had to be served without eligibility for good time ..." See Hobbs v. Baird, 2011 WL 2412740 at 1. He maintained that the interpretation denied him the opportunity to be eligible for parole. The state trial court found for Baird, and the state Supreme Court affirmed. In doing so, the state Supreme Court held the following:

> We hold that simply because Ark. Code Ann. 12-29-201 changed how meritorious good-time credit is applied, it did not repeal the language in Ark. Code Ann. 16-90-121 [i.e., the deadly weapon enhancement statute]. Because Ark. Code Ann. 12-29-201 instructs that good-time credit be applied to an inmate's transfer-eligibility date, that time shall be applied to decrease the time an inmate is required to be imprisoned before he becomes eligible for parole. Therefore, the language in Ark. Code Ann. 16-90-121 instructing that the sentence would be "subject to reduction by meritorious good-time credit" applies in those cases where an inmate is sentenced to more than ten years. In such cases, the inmate is required to serve a minimum ten-year sentence, with no eligibility for parole during that period of time. However, good-time credit can then be applied to the parole-eligibility date after the inmate has served the ten years.

See Id. at 3. The state Supreme Court then applied the foregoing principle to Baird's sentence, finding that he could begin earning credit toward parole after serving the first ten years of his sentence. The undersigned knows of no reason why Larrow cannot utilize the same procedure in challenging the present calculation of his parole eligibility date.

Larrow maintains that having to file a complaint for declaratory relief would be futile because the state Supreme Court has decided the very legal issue he raises in the petition at bar, having decided it in <u>Hobbs v. Baird</u>. It is true that in <u>Hobbs v. Baird</u>, the state Supreme Court decided the general principle governing the proper calculation of Larrow's parole eligibility date. At no point, though, has a state court of Arkansas applied the principle in determining whether his present parole eligibility date is correct and/or whether the present calculation of that date violates his constitutional rights. The State of Arkansas has the primary interest in seeing that the judgments of its penal institutions are correct, and the State of Arkansas should be accorded the first opportunity to determine the correctness of Larrow's present parole eligibility date and/or whether the present calculation of that date violates his constitutional rights. Accordingly, it cannot be said that his having to file a complaint for declaratory relief would be futile.

Two concluding points are in order. First, Larrow did not satisfy the exhaustion requirement by filing the state petition for writ of habeas corpus in 2010. The undersigned so finds for at least two reasons. In that petition, he challenged the jurisdiction of the Mississippi County trial court. Although he mentioned the impact the deadly weapon enhancement statute has on his parole eligibility date, he did not specifically challenge the calculation of that date. In addition, the petition was filed before the ADC changed his parole eligibility date a second time, a change that was made and conveyed to him in 2011.

Second, the petition at bar is not a mixed petition in that it contains both

exhausted and unexhausted claims. Larrow has never presented any of the claims at bar to the state courts of Arkansas.

Given the foregoing, the undersigned recommends that Larrow's petition be dismissed without prejudice because he has failed to satisfy the exhaustion requirement.[8] All requested relief should be denied, a certificate of appealability should be denied in accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, and judgment should be entered for Hobbs.

DATED this ___13___ day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Neither of the two exceptions to the exhaustion requirement are applicable in this instance.